JL

WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Benjamin Freeman,

Plaintiff,

v.

Ryan Thornell, et al.,

Defendants.

No. CV-26-05303-PHX-JAT (JZB)

**ORDER**

On July 29, 2026, Plaintiff Benjamin Freeman, who is confined in the Arizona State Prison Complex-Yuma, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis (Doc. 2). Pursuant to 28 U.S.C. § 1915(g), the Court will deny the Application to Proceed and will dismiss the Complaint and this action without prejudice.

**I. Dismissal Pursuant to 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

At least three of Plaintiff's prior actions or appeals qualify as "strikes" under § 1915(g):

(1) *Freeman v. Arpaio*, CV-94-0841-PHX-SMM (BGS) (D. Ariz. Mar. 22, 1995) (frivolous);

(2) *Freeman v. Watson*, CV-94-0849-PHX-SMM (BGS) (D. Ariz. June 16, 1994) (frivolous);

(3) *Freeman v. Stoller*, CV-94-1065-PHX-SMM (BGS) (D. Ariz. Feb. 15, 1995) (frivolous);

4) *Freeman v. Miller*, CV-94-1085-PHX-SMM (BGS) (D. Ariz. Feb. 15, 1995) (frivolous);

(5) *Freeman v. Arpaio*, CV-94-1673-PHX-SMM (BGS) (D. Ariz. Feb. 16, 1995) (frivolous);

(6) *Freeman v. Arpaio*, CV-94-1692-PHX-SMM (BGS) (D. Ariz. Feb. 15, 1995) (frivolous)

Plaintiff has also repeatedly been denied IFP status because he has already accumulated three strikes and failed to allege an imminent danger of serious physical injury. *See Freeman v. Stewart*, CV-98-00261-PCT-SMM (SLV); *Freeman v. Richardson*, CV-01-01021-PHX-SMM (MS); *Freeman v. Tate*, CV-09-00159-PHX-SMM (MHB). Most recently, this Court denied Plaintiff IFP status because he has three strikes and failed to allege an imminent danger of serious physical injury, which the Ninth Circuit affirmed on appeal. *See Freeman v. Shinn*, CV-22-01372-PHX-JAT (MHB). Therefore, Plaintiff

may not bring a civil action without complete prepayment of the $350.00 filing fee and $52.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**II. Imminent Danger**

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee and $55.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The Court must construe liberally a prisoner's "facial allegations" and determine if the complaint "makes a plausible allegation" of imminent danger. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)).

Plaintiff alleges that Defendants violated his right to exercise his religion. These allegations do not show that Plaintiff is in imminent danger of serious physical injury. Thus, the Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims in the future, he must prepay the entire $405.00 filing and administrative fees when he files his action.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **denied**.

(2) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $405.00 filing and administrative fees when he files his action.

. . . .

. . . .

. . . .

. . . .

(3) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 22nd day of September, 2026.

James A. Teilborg
Senior United States District Judge